**Harjinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75239.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*.

Filed April 20, 2009.

Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Carol Federighi, Esq., Senior Litigation Counsel, Song E. Park, OIL, Cindy S. Ferrier, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Harjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and we review for substantial evidence factual findings, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's finding that the harm Singh suffered was not on account of a protected ground because the Indian government had a legitimate reason to arrest and question Singh. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043–44 (9th Cir.2004). Moreover, the BIA's finding that Singh failed to otherwise establish a well-founded fear is also supported by substantial evidence. *See id.*; *Santos–Lemus v. Mukasey*, 542 F.3d 738, 744–47 (9th Cir.2008). Accordingly, we deny the petition as to Singh's asylum claim.

Because Singh failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the agency's denial of protection under the CAT because Singh failed to demonstrate it is more likely than not that he will be tortured if returned to India. *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

We reject Singh's due process claim based on his contention that the government delayed filing a Notice to Appear in immigration court, because he can not show prejudice. *See Colmenar*, 210 F.3d at 971. Even after Singh was informed that no case was pending, he waited over two years to file an asylum application. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**